# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-09567-SVW-AS | Date | 2/18/2020 |
| Title | *Paul Allman v. GEICO General Insurance Company, et al* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS [28] AND DENYING REQUEST TO PROCEED *IN FORMA PAUPERIS* [25]

## I. Introduction

Plaintiff Paul Allman ("Plaintiff") filed this motion against Defendant GEICO General Insurance Company ("GEICO") on Dec. 10, 2019. For the reasons articulated below, the Court concludes that while GEICO did not have an objectively reasonable basis for removal, the settlement agreement signed by GEICO and Plaintiff released any claim to attorney's fees and costs sought by Plaintiff. Plaintiff's motion for attorney's fees and costs is DENIED.

## II. Procedural and Factual Background

Plaintiff originally filed this action in California state court on October 21, 2019. Dkt. 1-1. Plaintiff utilized a state court form complaint that alleged causes of action against defendants GEICO General Insurance Company, Anita Lord, Brian Daly, and Robert Snodgrass. *Id.* at 1. Plaintiff's complaint included causes of action for "Motor Vehicle", "General Negligence", "Intentional Tort", and "Contract." *Id.* at 3. Plaintiff alleged that he was a California resident based in Apple Valley, California. *Id.* The complaint then included factual details regarding Plaintiff's various claims against GEICO, both for breach of contract and negligence. *Id.* at 4-6. Plaintiff's factual allegations against GEICO allege that he was involved in a hit and run accident on Oct. 21, 2018. *Id.* Immediately afterwards, Plaintiff alleges that GEICO and its representatives made misrepresentations to Plaintiff that he relied upon to his

: 

Initials of Preparer

PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09567-SVW-AS | Date | 2/18/2020 |
|---|---|---|---|
| Title | *Paul Allman v. GEICO General Insurance Company, et al* | | |

detriment, and also resulted in breach of the insurance contract he held with GEICO. *Id.*

The complaint then specifies an additional cause of action against Robert Snodgrass and an unnamed Doe defendant for "Motor Vehicle," and states that "Plaintiff alleges that the acts of defendants were negligent; the acts were the legal (proximate) cause of injuries and damages to plaintiff; the acts occurred on October 21, 2018, at South Bentley Avenue, Los Angeles, CA 90064." *Id.* at 7 (cleaned up). After indicating that a Doe defendant operated the motor vehicle in question, Plaintiff indicated that Robert Snodgrass owned the motor vehicle which was operated with his permission. *Id.* Plaintiff also indicated that both Snodgrass and the Doe defendant fled the scene of the accident and covered up their responsibility and participation in the accident. Plaintiff's factual allegations also include a statement that Snodgrass "used to be a friendly neighbor," prior to GEICO's alleged misrepresentations that damaged Plaintiff's relationship with Snodgrass.

GEICO removed this case to federal court on Nov. 7, 2019. Dkt. 1. GEICO removed the case based on diversity jurisdiction, 28 U.S.C. § 1332(a)(1), alleging that GEICO was a citizen of Maryland, that Plaintiff is a citizen of California, and that the amount in controversy exceeded $75,000. *Id.* at 2-3. Properly disregarding the citizenship of the Doe defendants, GEICO then asserted that Anita Lord and Brian Daly are employees of GEICO, who had been fraudulently joined to destroy diversity. *Id.* at 3-4. GEICO cited to a variety of California federal district court cases holding that when insurance agents are named as defendants for actions undertaken in the scope of their employment, their joinder does not defeat diversity. *Id.* GEICO then acknowledged the Plaintiff's complaint names Robert Snodgrass as well, but stated that "there are no allegations in the Complaint attributing any discrete theory against Robert Snodgrass." *Id.* at 5. GEICO then alleges that "within the context of the Third Cause of Action for Motor Vehicle, Plaintiff alleges only that Snodgrass and Doe 1-3 'fle[d] the scene of the accident and crime, and covering-up their reasonability and participation in the accident.'" *Id.*

GEICO then stated that because no cause of action is pled against Snodgrass, he should be considered a sham defendant fraudulently joined to destroy diversity, and that in the alternative, even if Plaintiff had stated a claim against Snodgrass, it is clear that the only purpose of including him in the lawsuit is an attempt to destroy diversity jurisdiction. *Id.* at 6.

On Nov. 19, 2019, GEICO filed a notice with the Court that Plaintiff and GEICO had reached a

settlement. Dkt. 14. In this notice, GEICO stated that because the only remaining defendant was Snodgrass (who GEICO acknowledged to be a resident of California), the case should be remanded to state court. *Id.* at 2.

On Dec. 10, 2019, Plaintiff filed a motion to remand in conjunction with a motion seeking fees and costs. Dkt. 28. Because this Court granted remand on Dec. 16, 2019, Dkt. 19, Plaintiff's motion to remand is moot. Plaintiff's motion for costs and attorney's fees argues that GEICO mischaracterized the complaint in seeking removal and that Plaintiff has adequately stated a claim against Snodgrass as a Defendant, requiring GEICO to pay his attorney's fees and costs.

In support of GEICO's Opposition brief, they submit the settlement agreement executed between Plaintiff and GEICO on Nov. 19, 2019. Dkt. 29-2, Ex. E. The settlement agreement released GEICO, its employees, attorneys, and a variety of other related entities from "any and all . . . costs, attorney's fees, and compensation of any nature whatsoever . . . including but not limited to, any liability . . . arising out of or relating to an October 21, 2018 motor vehicle accident." *Id.* Plaintiff's Reply brief does not dispute the validity of the settlement agreement, arguing only that Plaintiff's alleged attempt to bargain regarding the remand process ("to assume the risk and expense of getting a remand") in exchange for a larger settlement figure shows proof that the parties did not intend for this claim to be released by the settlement, and that the motion for attorney's fees and costs does not "arise out of" the auto accident. Dkt. 31 at 11.

### III.     Legal Standard

Under 28 U.S.C. § 1447(c), a court may, upon remanding a case to state court, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[A]bsent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).

Courts in the Ninth Circuit apply the terms of valid settlement agreements executed by parties with respect to motions for costs or attorney's fees. *See Med. Protective Co. v. Pang*, 740 F.3d 1279, 1283 (9th Cir. 2013) ("The settlement agreement here was silent as to costs, and thus the district court properly denied Pang's motion for costs."); *Rosenfeld v. U.S. Dep't of Justice*, 903 F. Supp. 2d 859, 867-

68 (N.D. Cal. 2012) (interpreting terms of a relevant settlement agreement between plaintiff and the FBI to determine whether plaintiff was entitled to costs); *United States ex rel. Doe v. Biotronik, Inc.*, 2015 WL 6447489, at *2 (E.D. Cal. Oct. 23, 2015).

Fed. R. Civ. P. 11(b) requires an attorney or unrepresented party presenting a pleading, written motion, or other paper to certify to the best of their knowledge that the filing:

> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

*Id.* "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." *Id.* at 11(c)(1). A motion for sanctions must be made separately from other motions, and may not be made independently by a Court unless a show-cause order is first issued. *Id.* at 11(c)(2), 11(c)(5)(B).

### IV. Analysis

The Court agrees that GEICO's Notice of Removal did not present a wholly accurate picture of Plaintiff's factual allegations against Snodgrass. GEICO neglected to mention that the third cause of action for "Motor Vehicle" on the form state complaint was specifically alleged against only Snodgrass. Dkt. 1-1 at 7. GEICO also neglected to mention that below the third cause of action, Plaintiff included allegations indicating that Snodgrass' acts were negligent, occurred on Oct. 21, 2018, and that the motor vehicle in question was owned by Snodgrass and operated with his permission. *Id.* GEICO's references

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:19-cv-09567-SVW-AS | Date | 2/18/2020 |
| Title | *Paul Allman v. GEICO General Insurance Company, et al* | | |

to Snodgrass as a "neighbor" of Plaintiff also suffice to establish that Snodgrass was likely a California citizen for the purposes of diversity jurisdiction. *Id.* at 5.

      These facts are sufficient to state claim against Snodgrass for negligent entrustment of a motor vehicle. *Snyder v. Enter. Rent-A-Car Co. of San Francisco (ERAC-SF)*, 392 F. Supp. 2d 1116, 1121 (N.D. Cal. 2005) ("Under California law 'one who places or entrusts his or her motor vehicle in the hands of one whom he or she knows, or from the circumstances is charged with knowing, is incompetent or unfit to drive, may be held liable for an injury inflicted by the use made thereof by that driver.'"). GEICO's alternative argument that the only purpose for including Snodgrass in the lawsuit is an attempt to destroy diversity is not plausible. The facts of Plaintiff's complaint suggest an attempt to sue all the parties the Plaintiff believes were liable to him for their actions in connection with the Oct. 21, 2018 auto accident. GEICO's citation to *Pena v. McArthur*, 889 F. Supp. 403 (E.D. Cal. 1994) does not support this assertion, because in that case the removing party (State Farm) expressly contended not that the alleged uninsured motorist was a "sham defendant", but that he was an improper party for joinder because the auto accident and the bad faith claims against the insurer resulted in the invasion of separate legal interests. *Id.* at 405. *Pena* does not support GEICO's allegations that Snodgrass is a "sham defendant." *Id.*

      GEICO's Opposition brief argues that removal was reasonable under the "misjoinder" doctrine, which it acknowledges has not been expressly addressed by the Ninth Circuit, citing to district court opinions both approving and disapproving of attempts to remove to federal court on that basis. Dkt. 29 at 6-7; *see also Gleicher v. Hartford Underwriters Ins. Co.*, 2017 WL 1370689, at *3 (C.D. Cal. Apr. 10, 2017) (collecting cases surveying the topic in the Ninth Circuit and finding "overwhelming rejection" in the Central District). Additionally, the word "misjoinder" does not appear in GEICO's Notice of Removal. *See generally* Dkt. 1. GEICO's argument on that basis appears to be an afterthought, and is generally unsupported by Ninth Circuit caselaw.

      While this Court would be inclined to conclude GEICO did not have an "objectively reasonable" basis for removal under 28 U.S.C. § 1441, it also concludes that the settlement agreement between Plaintiff and GEICO operates to release that claim. Under California law, parol evidence of the intent of the parties must be considered. *See Pac. Gas & Elec. Co. v. G.W. Thomas Drayage & Rigging Co.*, 442 P.2d 641, 645 (Cal. 1968); *see also Trident Ctr. v. Conn. Gen. Life Ins. Co.*, 847 F.2d 564, 565 (9th Cir.
                                                                                                                                  :

Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-09567-SVW-AS | Date | 2/18/2020 |
|---|---|---|---|
| Title | *Paul Allman v. GEICO General Insurance Company, et al* | | |

1988) ("This case therefore presents the question whether parties in California can ever draft a contract that is proof to parol evidence. Somewhat surprisingly, the answer is no."). A court must "review the proffered material regarding the parties' intent to see if the language is 'reasonably susceptible' of the interpretation urged by" a party. *Appleton v. Waessil*, 32 Cal. Rptr. 2d 676, 677 (Ct. App. 1994).

Here, the settlement agreement between the parties specifically releases attorney's fees and costs, "including but not limited to . . . [liability] arising out of or relating to" the motor vehicle accident at the center of this case. Dkt. 29-2, Ex. E. Even setting aside the fact that Plaintiff has not submitted his alleged email offering to "assume the risk and expense of getting a remand" for the Court to review, the language in the settlement agreement is sufficiently clear for the Court to conclude that it is not "reasonably susceptible" of the interpretation urged by Plaintiff— that this motion for costs and attorney's fees should be excluded from the settlement agreement. *Id.* A motion for costs and attorney's fees following removal of a lawsuit to federal court also straightforwardly "arises out of" the accident that led Plaintiff to file this lawsuit in state court initially.

GEICO's conduct does not rise to the higher standard necessitated to incur Rule 11 sanctions, and imposition of such sanctions would be procedurally improper here because no separate motion has been made for Rule 11 sanctions. *See* Fed. R. Civ. P. 11(c)(2). There is no evidence suggesting that GEICO removed this case for an improper purpose, and the factual assertions GEICO made in its Notice of Removal were not knowingly false, although GEICO neglected to include other highly relevant details, as discussed above. *See generally* Dkt. 1. Moreover, the legal basis for GEICO's removal, while not objectively reasonable given the overall allegations in Plaintiff's complaint and Ninth Circuit caselaw, was not sufficiently frivolous for this Court to conclude that GEICO's counsel has violated Rule 11(b)(2). Finally, Plaintiff is a *pro se* litigant, and is therefore not be eligible for an award of attorney's fees in any event. *See Blanchard v. Morton Sch. Dist.*, 509 F.3d 934, 938 (9th Cir. 2007) ("Pro se plaintiffs . . . are not entitled to attorney's fees."); *Yhudai v. Mortg. Elec. Registration Sys., Inc.*, 2015 WL 5826777, at *8 (C.D. Cal. Oct. 2, 2015).

## V.     Conclusion

Plaintiff's motion for attorney's fees and costs is DENIED. Because this case is now closed, Plaintiff's motion to file *in forma pauperis* is also DENIED as moot. Dkt. 25

:

Initials of Preparer

PMC